UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

REBECCA O'MALLEY,

Plaintiff,

Case No.: 3:15-cv-168

vs.

COMMISSIONER OF SOCIAL SECURITY,

Magistrate Judge Michael J. Newman (Consent Case)

Defendant.

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is presently before the Court for disposition based upon the parties' full consent. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 6)[1], and the record as a whole.

**I.**

**A. Procedural History**

Plaintiff filed for DIB alleging a disability onset date of December 10, 2012. PageID 165-66. Plaintiff suffers from a number of impairments including, among others, lupus,

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

fibromyalgia, obesity, osteopenia,[2] cervical and lumbar degenerative disc disease, and depression. PageID 44.

After initial denials of her applications, Plaintiff received a hearing before ALJ Emily Statum on July 10, 2014. PageID 66-79. The ALJ issued a written decision on October 20, 2014, finding Plaintiff not disabled. PageID 42-58. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017;

2. The claimant has not engaged in substantial gainful activity since December 10, 2012, the alleged onset date (20 C.F.R. § 404.1571 *et seq*.);

3. The claimant has the following severe impairments: systemic lupus versus undifferentiated connective tissue disorder, obesity, osteopenia, cervical and lumbar degenerative disc disease, and fibromyalgia (20 CFR §404.1520(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R.§ 404.1520(d), §404.1525 and §404.1526);

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform sedentary work as defined in 20 C.F.R. § 404.1567(a)[3] except the claimant can lift or carry 10 pounds occasionally, sit about 6 hours in an 8 hour workday, stand or walk about 2 hours in an 8 hour

[2] "Osteopenia is a condition where bone mineral density is lower than normal. It is considered by many doctors to be a precursor to osteoporosis." *Hartman v. Colvin*, 954 F. Supp. 2d 618, 627 (W.D. Ky. 2013) (citation omitted); *see also Shepard v. Comm'r of Soc. Sec.*, No. 1:08-CV-1196, 2010 WL 1258227, at *2 (W.D. Mich. Mar. 30, 2010) (stating that "[o]steopenia refers to a condition marked by a deficiency of bone; the presence of less than the normal amount of bone"; and "is distinct from, and less severe than, osteoporosis").

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

workday, with no limitations pushing or pulling, but she can occasionally stoop, kneel, crouch, or crawl, cannot climb ladders, ropes, or scaffolds, and should avoid all exposure to hazards, such as machinery or heights;

6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565);

7. The claimant was born on May 19, 1966, and was 46 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 C.F.R. § 404.1563);

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564);

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and residual function capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569(a));

11. The claimant has not been under a disability, as defined by the Social Security Act, since December, 10, 2012, through the date of this decision (20 C.F.R. § 404.1520(g)).

PageID 42-57.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 32-34. Plaintiff then filed this timely appeal. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B. Evidence of Record**

In her decision, the ALJ set forth a recitation of the underlying medical evidence in this case. PageID 42-58. Plaintiff, in her Statement of Errors, also sets forth an extensive summary

of the evidence of record. Doc. 7 at PageID 681-696. The Commissioner's response to the Statement of Errors offers no objections to the statement of facts presented by Plaintiff. Doc. 11 at PageID 703-713. Accordingly, except as otherwise noted in this Decision and Entry, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record.

**II.**

**A. Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B. "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's RFC, can he or she perform his or her past relevant work?
5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff argues that the ALJ erred by failing to properly: (1) weigh medical opinion evidence, including opinions from her treating sources, Vida Farhangi, M.D. and Shobha Wani, M.D.; and (2) assess her credibility. Doc. 7 PageID 681-696. Finding reversible error in the ALJ's weighing of medical sources opinions, the undersigned does not reach the merits of the ALJ's credibility finding.

With regard to opinion evidence, "the Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Treaters are entitled to greater deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the

record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, the record contains opinions from two treating sources -- Dr. Farhangi and Dr. Wani. *See* PageID 327-29, 378-80, 666-69. In April and November 2010, Dr. Farhangi opined that, as a result of Plaintiff's tissue disease, she suffers from "extreme fatigue, joint swelling and pain, "as well as rash on [her] upper extremities." PageID 328, 379. Dr. Farhangi further found that Plaintiff's tissue disease was objectively verified by clinical findings, such as positive ANA[5] labs. *Id*. As a result of her condition, Plaintiff was be incapacitated 1-3 times per week for up to

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

[5] "An ANA test detects antinuclear antibodies (ANA) in your blood." The Mayo Clinic, ANA Test, http://www.mayoclinic.org/tests-procedures/ana-test/basics/definition/PRC-20014566 (last visited September 27, 2016. While "[y]our immune system normally makes antibodies to help you fight infection[,]" ANA "often attack your body's own tissues -- specifically targeting each cell's nucleus." *Id.* A "doctor may order an ANA test if he or she suspects you have an autoimmune disease such as lupus, rheumatoid arthritis or scleroderma." *Id*.

24 hours at a time as a result of flare-ups related to her tissue disease. PageID 329, 380. Without dispute, if accepted, Dr. Farhangi's opinion would have resulted in a disability finding. *See* PageID 78. Although Dr. Farhangi is a treating physician who treated Plaintiff for a condition that continued through the date of the decision in this case, the ALJ failed to weigh, analyze, or even mention Dr. Farhangi's opinion.

On appeal, the Commissioner acknowledges that the ALJ erred by failing to address Dr. Farhangi's opinion. Doc. 11 at PageID 706. The Commissioner, however, argues that the ALJ's error in this regard is harmless because Dr. Farhangi's opinion: (1) pre-dates the alleged onset date of disability; (2) relates only to Plaintiff's ability to work as a registered nurse; and (3) is contradictory and, thus, deficient as a matter of law. Doc. 11 at PageID 706. The Court has carefully reviewed Dr. Farhangi's opinion and finds the Commissioner's arguments unavailing.

With regard to the assertion that Dr. Farhangi's opinion relates only to Plaintiff's work as a nurse and is patently deficient as contradictory, the undersigned notes that the ALJ never made any such finding in her decision. "[I]t is the opinion given by an administrative agency rather than counsel's '*post hoc* rationale' that is under the Court's consideration." *Romig v. Astrue*, No. 1:12-cv-1552, 2013 WL 1124669, at *6 (N.D. Ohio Mar. 18, 2013) (citations omitted). At this stage of the proceedings, the Court cannot say whether the ALJ ignored Dr. Farhangi's opinion for these reasons, or whether the ALJ failed to review the entire record. *See infra*. Nevertheless, in addressing the merits of these *post hoc* arguments, the Court notes: (1) Dr. Farhangi specifically found that flare-ups of Plaintiff's condition would prevent her "from participating in normal daily activities," not just her nursing activities; and (2) no irreconcilable inconsistency between the conclusion that Plaintiff could work five days a week, but for the times she is incapacitated as a result of flare-ups caused by her condition. PageID 239, 380.

The Court also rejects the Commissioner's contention that the ALJ appropriately ignored Dr. Farhangi's opinion because it pre-dated Plaintiff's alleged onset date. Doc. 11 at PageID 706. The Sixth Circuit does "not endorse the position that all evidence or medical records predating the alleged date of the onset of disability . . . are necessarily irrelevant or automatically barred from consideration[.]" *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 414 (6th Cir. 2006). Instead, the Sixth Circuit "recognize[s] that evidence . . . predating the onset of disability, when evaluated *in combination with later evidence*, may help establish disability." *Id*. (emphasis in original).

In fact, the undersigned notes that the Commissioner's own regulations state that, "[w]e will consider all evidence in your case record when we make a determination or decision whether you are disabled[,]" 20 C.F.R. § 404.1520; and that, "[r]egardless of its source, we will evaluate *every* medical opinion we receive." 20 C.F.R. § 404.1527(c) (emphasis added); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (holding that the ALJ is required to consider all evidence -- including evidence predating an alleged onset date -- and must specifically "discuss 'the significantly probative evidence he [or she] rejects'"). Based upon the foregoing, "although Dr. [Farhangi] issued his opinion before the alleged onset date of disability, it is not necessarily irrelevant and may support Plaintiff's disability claim when considered in the context of the entire record." *Daniel v. Colvin*, No. 1:14-CV-775, 2015 WL 5530210, at *4 (S.D. Ohio Sept. 21, 2015).

Further, when viewed in light of the entire record, the undersigned cannot conclude that the ALJ's failure to consider Dr. Farhangi's opinion is harmless. Specifically, Dr. Farhangi treated Plaintiff since at least 2009, *see* PageID 378, and thereafter referred Plaintiff to Dr. Wani in January 2012. PageID 291. Consistent with Dr. Fahangi, Dr. Wani also noted the fact that

Plaintiff suffers from severe fatigue, rashes, and has high ANA results. PageID 666-67. Similar to Dr. Farhangi, Dr. Wani also provided an opinion that, if entitled to controlling weight or otherwise accepted as substantial evidence, would have resulted in a disability finding. *See* PageID 666-69. Given the relatively consistent opinions between these two treaters, the ALJ's error was not harmless. *See Daniel*, 2015 WL 5530210, at *4 (rejecting a harmless error contention where the ALJ failed to consider a treater's opinion issued before the alleged onset date because such opinion was not patently deficient and, "if accepted by the ALJ, could very well result in a finding of disability"). Accordingly, the undersigned finds that the ALJ's non-disability finding is unsupported by substantial evidence and must be reversed.

**IV.**

When, as here, the ALJ's non-disability determination is not supported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

Here, proof of disability is not overwhelming. Upon remand, the ALJ should appropriately assess all evidence of record (including records and opinion evidence predating Plaintiff's alleged onset date); determine Plaintiff's RFC based upon the substantial evidence of

record; and, after utilizing a vocational expert or medical advisor if appropriate, determine Plaintiff's disability status anew.

**V.**

For the foregoing reasons, the Court finds merit to Plaintiff's argument that the ALJ failed to properly analyze and assess her medical source opinions. **IT IS THEREFORE ORDERED THAT**: (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED**.

Date: September 27, 2016

*s/ Michael J. Newman*
Michael J. Newman
United States Magistrate Judge